UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Theron Johnny Maxton**, # 140384, | ) **C/A No. 0:05-0764-DCN-BM** |
| Plaintiff, | ) |
| v. | ) |
| | ) **Report and Recommendation** |
| **Linda Martin**, Grievance Clerk at Allendale Correctional Institution; | ) |
| **George Hagan**, Warden of Allendale Correctional Institution; | ) |
| **Jon Ozmint**, Director of SCDC; | ) |
| **Mary Coleman**, Director of SCDC Grievance Branch; | ) |
| **NFN Odom**, Sergeant at Allendale Correctional Institution; and | ) |
| **NFN Moore**, Officer at Allendale Correctional Institution, | ) |
| Defendants. | ) |

The petitioner, Theron Johnny Maxton, who is proceeding without counsel, brings the above-captioned case seeking a writ of mandamus.[1] The petitioner is an inmate at the Allendale Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC) located in Fairfax, South Carolina. He was formerly confined at the Evans Correctional

---

[1] The petitioner has captioned the pleading as a petition for writ of extraordinary.

1

Institution in Bennettsville, South Carolina.

The "STATEMENT OF CLAIM" portion of the petition reveals that this mandamus-type action arises out of the processing (or non-processing) of the petitioner's grievances. Petitioner alleges that respondent Martin is sending some of the petitioner's grievances back to the petitioner. According to the petitioner, the unprocessed grievances concern officers at the Allendale Correctional Institution who have allegedly commented on the size of the petitioner's penis. Petitioner writes: " . . . Defendant Odom have [sic] told other inmates and officers that he Defendant Odom can't get any of the Females here Because they just talk about how Big Plaintiff Penis is, and Defendant Moore keep this going on with Defendant Odom, Defendant Moore [is] the one who got all this sexual harassment started[.]" (Petition, at page 2).

Petitioner alleges that respondent George Hagan, the Warden of the Allendale Correctional Institution, has refused to do anything about sexual harassment on the part of the officers. Petitioner also alleges that respondent Coleman, the Director of the SCDC Grievance Branch, has refused to take any action against respondent Martin. Petitioner attributes these actions or non-actions to racism and a personal vendetta. In his

2

prayer for relief, Petitioner writes:

> 1.  Plaintiff seek [sic] a Preliminary Injunction against all the Defendants [sic]
>
> 2.  Plaintiff ask [sic] for an order to have Defendant Mary Coleman send this court all the SCDC Grievance that Defendant Linda Martin didn't file that Plaintiff sent to her [sic]
>
> 3.  Plaintiff seek an order to have SCDC Internal Affairs investigate Defendant Martin and the sexual harassment of Defendant Odom [sic]

(Petition, at page 4).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996);

Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).  Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal district court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, this pleading is still subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

First, the petitioner is not entitled to mandamus relief in this court. Circuit precedents teach that a writ of mandamus is a drastic remedy, infrequently used by federal courts. Its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). Further, a federal district court may issue a writ of mandamus only against an employee or official **of the United States**. *See, e.g.*, Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986); and Ocean Breeze Park, Inc. v. Reich, 853 F. Supp. 906, 915, 1994 U.S.Dist. LEXIS® 7264 (E.D.Va. 1994), *affirmed*, Virginia Beach Policeman's Benevolent Association v. Reich, 96 F.3d 1440, 1996 U.S.App. LEXIS® 28823, 1996 WESTLAW® 511426 (4th Cir., June 5, 1996)[Table]. Hence, the petitioner cannot obtain mandamus relief in this court because the respondents and the persons upon whom the petitioner seeks mandamus relief are either state officials or state employees. Gurley v. Superior Court of Mecklenburg County, 411 F.2d at 587 [ "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ."]; Davis v. Lansing, 851

F.2d 72, 74, 1988 U.S.App. LEXIS® 9176 (2nd Cir. 1988) ["The federal courts have no general power to compel action by state officials[.]". *See also* Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985), where the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under Boyce v. Alizaduh, supra, and Todd v. Baskerville, supra, and, therefore, was subject to summary dismissal. Craigo v. Hey, supra, 624 F. Supp. at 414. *Accord* Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479, 1988 U.S.Dist. LEXIS® 5053 (W.D.Pa. 1988); and Robinson v. Illinois, 752 F. Supp. 248, 248-249 & n. 1, 1990 U.S.Dist. LEXIS® 8246 (N.D.Ill. 1990).

The above-captioned case is also subject to summary dismissal because the petitioner is "struck out" under the Prison Litigation Reform Act (PLRA). It can be judicially noticed that the petitioner has filed more than three prior frivolous cases in this court, which have been deemed strikes.[3]

---

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See* United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also* United States v. Webber, 396 F.2d 381, 386-387 (3rd Cir. 1968); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949); and Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Hence, in order to proceed without payment of the filing fee and other court costs in this case, the petitioner must show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[4] Applying liberal construction to the pleadings by viewing the facts alleged for an inference of imminent danger of serious physical injury, the undersigned finds no such allegations because the return of certain grievances, the non-processing of other grievances, and verbal sexual harassment do not place the petitioner in imminent danger of serious physical injury. *See* Banos v. O'Guin, 144 F.3d 883, 884-885, 1998 U.S.App. LEXIS® 15053 (5th Cir. 1998)(in order to meet the "imminent danger of serious physical injury" exception to the three-strikes rule, the danger alleged must be imminent at the time that the plaintiff files complaint); Malik v. McGinnis, 293 F.3d 559, 562-563, 2002 U.S.App. LEXIS® 10978 (2nd Cir. 2002)(imminent danger exception to three strikes rule applies only when danger of serious physical injury exists at the time the complaint is filed); and Ashley v. Dilworth, 147 F.3d 715, 717,

---

[4]A bare unsupported claim by a prisoner that he or she is under imminent danger of serious physical injury will not suffice. Sufficient factual allegations must be set forth to reach this threshold. *See* Carson v. Texas Dept. of Criminal Justice-Institutional Division, 1998 U.S.Dist. LEXIS® 20046, at *1, 1998 WESTLAW® 906989, at *1 (N.D. Texas, December 17, 1998)("Plaintiff is simply attempting to tailor his allegations so they will fall within the statutory exception, but his claims are really simply the usual dissatisfactions with prison life[.]").

1998 U.S.App. LEXIS® 13020 (8th Cir. 1998)(allegations that prisoner has faced imminent danger in the past are insufficient to trigger an exception to § 1915(g)). *See also* Report and Recommendation submitted by the undersigned on June 18, 2001, in Maxton v. Ulrich, Civil Action No. 0:01-2552-18BD: "Since the events that placed the petitioner's life in danger happened more than one month prior to the mailing of the pleadings, the petitioner fails to satisfy the requirement of imminent physical harm at the time he mailed his pleadings." (Report and Recommendation filed on June 18, 2001, in Civil Action No. 0:01-2552-18BD, at pages 10-11, *adopted* by the Honorable David C. Norton, United States District Judge, on July 12, 2001). The plaintiff's appeal in Civil Action No. 0:01-2552-18BD (Fourth Circuit Docket No. 01-7198) was dismissed under Rule 45 by the Court of Appeals on September 10, 2001.

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d

1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The petitioner's attention is directed to the Notice on the next page.

                 Respectfully submitted,

                 s/ BRISTOW MARCHANT
Columbia, South Carolina     Bristow Marchant
                 United States Magistrate Judge
April  22,  2005

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The <u>Serious Consequences</u> of a Failure to Do So

      The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

      During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
